Daniel, J.
 

 The Act of Assembly, originally passed in 1798, Rev. Stat. ch. 42, sec. 31, declares, that, when any person claiming title to lands under a patent, shall consider himself aggrieved by any patent, issued to any other person against law, or obtained by false suggestions, surprise or fraud, such person, so aggrieved, may file his petition in the Superi- or Court of Law of the County, in which the land may lie, together with an authenticated copy of the said patent; which petition shall briefly state the grounds, wherefore such patent should be repealed and vacated. Whereupon, a writ of
 
 scire facias
 
 shall issue out of the said Superior Court to the claimant under such patent, requiring him to shew cause, why such patent, thus improperly issued and obtained, should not be vacated. The
 
 scire facias
 
 shall be the leading process, and all the proceedings thereon shall conform to the general rules of practice at law in such cases, except that, when the
 
 scire facias
 
 cannot be personally made known, then the Court shall order publication in the newspapers for the defendant to
 
 *450
 
 appear and plead, or judgment by default on the
 
 scire facias
 
 would be rendered against hi m. When the defendant appears, he will demur, or plead and make up issues and try them by a jury, according to the practice on
 
 scire facias
 
 at law. In England, the King’s patents are enrolled, on the common law side of the Court of Chancery. And when the King, or any person, is aggrieved by the issuing of a patent, for any oí the causes before mentioned, the Attorney General causes a
 
 scire facias,
 
 in the name of the King, to issue, to vacate it; which
 
 scire facias
 
 contains proper averments of the causes on which it is founded. The
 
 scire facias
 
 issues out of the Court of Chancery. The judgment is, that the patent be vacated 'and brought into the Court of Chancery, that the Chancellor, who has affixed the great seal to it, may take off the seal. In this State, patents are not enrolled in the Superior Courts of law; therefore the legislature required the person aggrieved to file a petition in the Superior Court in his own name, as a foundation for the
 
 scire facias.
 
 The plaintiff’s petition first, and then his writ of
 
 scire facias,
 
 founded on it, should set out, with particularity, his own patent, or his title derived, from a patent, with its boundaries and location ; and also a copy of the patent, with its boundaries, which had been granted to the defendant, or those under whom he claims title to the land, with all their correct names, and also how the two patents conflict. And the writ of
 
 scire facias
 
 should not only recite the patent of each party, but should also make all the material averments, why the defendant’s patent should be cancelled. When all these things have been done by the plaintiff, and the defendant brought into Court by a proper service of the
 
 scire facias,
 
 the latter will be enabled to demur or plead un. derstandingly •; and if any issues are made up, the jury can plainly see what they are to try, and the Court will know from the record what judgment to render. In the case now before us, there are no plaintiffs mentioned in the
 
 scire faci-as
 
 by their Christian and sirnames, no description of Crow’s patent by its date, boundary, location or interference with Holland’s patent. The defendants.have not put in any pleas
 
 *451
 
 to the writ and action, which are material (if their answers were to be considered by us as pleas,) except that part, which state that the lands patented by Holland, was not by law subject to entry, and that therefore the patent to Holland was
 
 void)
 
 and not
 
 voidable.
 
 Upon this plea no issue has been made up and found by a jury. The plaintiff’s petition states, that the land, patented by Crow, was identically the same land, which had been patented by Holland; but there is no averment of this fact in the
 
 scire facials ;
 
 and the verdict, which has been found by the jury, does not shew to the Court, that there was any interference in the two patents, or that there was any lawful cause or ground for the court to vacate the patent to Crow. We therefore think that the judgment must be reversed and the cause remanded to the Superior Court, when a repleader may be allowed, or such other steps taken as may be agreeable to right and law.
 

 Per Curiam, Judgment reversed and cause remanded